# **EXHIBIT 4**

HARDY RAY MURPHY, CA Bar No. 187149
hardy.murphy@ogletree.com
MACY VALDES, CA Bar No. 332150
macy.valdes@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:     213-239-9800
Facsimile:      213-239-9045

Attorneys for Defendant
BSN SPORTS, LLC

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
01/13/2026
By: ____E. Leon Barrientos____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| SALATIEL PENALOZA CRUZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BSN SPORTS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 25CV027604<br><br>**DEFENDANT BSN SPORTS, LLC'S ANSWER TO PLAINTIFF SALATIEL PENALOZA CRUZ'S COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Lauri A. Damrell, Dept. 22]<br><br>Action Filed:     November 14, 2025<br>Trial Date:        None |

Defendant BSN Sports, LLC ("Defendant") hereby answers the Complaint (hereinafter "Complaint") brought by plaintiff Salatiel Penaloza Cruz ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies, generally and specifically, that Plaintiff and/or the putative class members have been injured in the amount and/or manner alleged, or in any other manner whatsoever. Defendant further denies that Plaintiff and/or putative class members are entitled to damages or to any other relief whatsoever by reason of the alleged acts and/or omissions of Defendant, or by reason of the alleged acts and/or omissions of any current or former agent or employee of Defendant.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses, or to modify its admissions and denials herein, based on such investigation and discovery.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the Complaint and each cause of action, claim and allegation contained therein, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged herein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the members of the putative class Plaintiff seeks to represent are barred, in whole or in part, by one or more of the applicable statutes of limitations, including, without limitations, Cal. Code Civ. Proc. §§ 335.1, 337, 338, 339, 340, and Cal. Bus. & Prof. Code § 17208.

### THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the members of the putative class Plaintiff seeks to represent are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the members of the putative class Plaintiff seeks to represent are barred, in whole or in part, by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by *res judicata* and/or collateral estoppel. Plaintiff and/or the members of the putative class Plaintiff seeks to represent are bound by any prior determination made by any person or authority with competent jurisdiction.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the members of the putative class Plaintiff seeks to represent are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the members of the putative class Plaintiff seeks to represent are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the members of the

putative class Plaintiff seeks to represent are barred, in whole or in part, because Plaintiff and/or the members of the putative class to and/or acquiesced to the alleged conduct by Defendant of which Plaintiff now complains.

### NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the members of the putative class are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as putative class members may have released some or all of the claims against Defendant that are being asserted in Plaintiff's Complaint.

### TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's purported causes of action set forth in the Complaint and the claims of some or all of the putative class Plaintiff seeks to represent are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff and/or the members of the putative class Plaintiff seeks to represent are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that, if any damages have been sustained by Plaintiff and/or the members of the putative class Plaintiff seeks to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff and/or the members of the putative class owed to Defendant against any judgment that may be entered against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff and/or the members of the putative class Plaintiff seeks to represent are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to any wage claims alleged therein, Defendant alleges that, to the extent that Plaintiff and/or any putative members of the class Plaintiff seeks to represent were harmed in any way (which Defendant specifically denies), the damages of Plaintiff and/or the members of the putative class are *de minimis* and, thus, not legally cognizable or not capable of determination.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the members of the putative class Plaintiff seeks to represent are barred, in whole or in part, because Defendant's actions were at all times privileged and/or justified. Defendant further alleges it cannot be liable for any alleged violation of the California Labor Code or Business and Professions Code § 17200, *et seq.*, because Defendant's actions, conduct, and/or dealings with its employees were lawful and were carried out in good faith and for legitimate business purposes.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's claim for violation of California Business and Professions Code § 17200, *et seq.*, Defendant alleges that the claims of Plaintiff and putative members of the class Plaintiff seeks to represent are barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's claim for violation of California Business and Professions Code § 17200, *et seq.*, Defendant alleges that Plaintiff and the putative members of the class Plaintiff seeks to represent cannot recover "restitution" for violation of California Business and Professions Code § 17200, *et seq.*, to the extent that what Plaintiff and putative members of the class seek as "restitution" is a disguised and impermissible form of damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiff and/or the members of the putative class Plaintiff seeks to represent are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that Plaintiff and/or the members of the putative class Plaintiff seeks to represent unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint, and some or all of the alleged damages would have been avoided by such action.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein by Plaintiff on behalf of putative members of the class Plaintiff seeks to represent, Defendant alleges that Plaintiff lacks standing and cannot represent the interests of the other alleged class members as to some or all of the purported class.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that Plaintiff and/or the members of the putative class Plaintiff seeks to represent are not entitled to recover any penalties under California or federal law, and any award of penalties would in general or in fact violate Defendant's rights under the United States and California constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the excessive fines and cruel and

unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as the due process, excessive fines, and cruel and unusual punishment clauses in the California Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action therein, Defendant alleges that Plaintiff's purported causes of action set forth in the Complaint are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, and/or unenforceable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint pursuant to California Labor Code § 203, Defendant alleges that Plaintiff and/or the members of the putative class Plaintiff seeks to represent are not entitled to penalties under Labor Code § 203 because at all relevant times there has been a good faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting time penalties against Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendant alleges that the claims brought by Plaintiffs and/or putative members of the class Plaintiff seeks to represent are barred, in whole or in part, because Plaintiff and the putative members of the class have suffered no damages that were proximately caused by, or in fact caused by any action or conduct of Defendant.

### RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery, when and if the same have been ascertained.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That the Court deny any request(s) by Plaintiff and/or putative members of the purported class to certify this action as a class action;

DEFENDANT BSN SPORTS, LLC'S ANSWER TO PLAINTIFF SALATIEL PENALOZA CRUZ'S COMPLAINT

2. That Plaintiff and/or the members of the putative class take nothing by the Complaint;

3. That Plaintiff's Complaint herein be dismissed in its entirety, with prejudice;

4. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action asserted in the Complaint;

5. That Defendant be awarded their costs and attorneys' fees incurred herein, including, but not limited to, costs and attorneys' fees pursuant to California Labor Code § 218.5; and

6. For such other and further relief as the Court deems just and proper.

DATED: January 13, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Hardy Ray Murphy
Hardy Ray Murphy
Macy Valdes

Attorneys for Defendant
BSN SPORTS, LLC

**PROOF OF SERVICE**
*Salatiel Penaloza Cruz v. BSN Sports, LLC, et al.*
Case No. 25CV027604

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles, in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 1200, Los Angeles, CA 90071. My electronic service address is sally.navarrete@ogletree.com.

On January 13, 2026, I served the following document(s):

DEFENDANT BSN SPORTS, LLC'S ANSWER TO PLAINTIFF
SALATIEL PENALOZA CRUZ'S COMPLAINT

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Seung L. Yang, Esq.<br>Tiffany Hyun, Esq.<br>Diane Le, Esq.<br>THE SENTINEL FIRM, APC<br>355 S. Grand Ave., Suite 1450<br>Los Angeles, CA 90071<br>Telephone: (213) 985-1150<br>Facsimile: (213) 985-2155<br>Email: eung.yang@thesentinelfirm.co<br>tiffany.hyun@thesentinelfirm.com<br>diane.le@thesentinelfirm.com | Attorneys for Plaintiffs<br>Salatiel Penaloza Cruz, individually, and on behalf of all others similarly situated |

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 13, 2026, at Los Angeles, California.

Sally Navarrete
_____        *Sally Navarrete* (signature)
Type or Print Name             Signature

94941879.v1-OGLETREE